# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS MORALES,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 19-CV-5934 |
| PRIMECARE MEDICINE, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

PADOVA, J.                                                                                       JANUARY 29, 2020

Plaintiff Luis Morales, a prisoner incarcerated at the Berks County Jail System, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, against (1) PrimeCare Medicine, Dr. John and Jane Doe; (2) Correctional Officer Sloblojian; and (3) Correctional Officer Klim. Morales seeks leave to proceed *in forma pauperis*. Each Defendant is sued in their individual and official capacities. For the following reasons, the Court will grant Morales leave to proceed *in forma pauperis*, dismiss without prejudice his claims against PrimeCare, Dr. John and Jane Doe, and Correctional Officer Klim, and permit him to proceed against Correctional Officer Sloblojian in his individual capacity only.

## I.    FACTUAL ALLEGATIONS

Morales alleges that on October 28, 2019, he asked Officer Sloblojian to move his cell "due to [his] fear of possible physical confrontation with Junior Sivbri ([his] cell mate at the time)." (ECF No. 2 at 4-5, 12.)[1] Morales asserts that Officer Sloblojian responded that "he'd rather watch [them] fight than move [Morales]" and walked away. (*Id.* at 12.) Once Officer

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

Sloblojian walked away, Sivbri punched Morales in the mouth causing him to lose his tooth and blackout. (*Id.*)

Morales asked to be seen by medical and avers that "they took pictures instead." (*Id.*) Morales further contends that he "told medical via sick call that [he] was suffering pain and numbness, and they would . . . just make some comment to make fun of [his] tooth but refuse to treat." (*Id.*)

Morales asserts claims pursuant to 42 U.S.C. § 1983, asserting that under the Eighth Amendment, he has the right to be free of assault. (*Id.* at 3.) Morales seeks medical and cosmetic treatment for his injuries and damages in the amount of $500,000 for pain, suffering, inconvenience, and embarrassment. (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court grants Morales leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Morales is proceeding *pro*

---

[2] However, as Morales is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

*se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against PrimeCare

The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (per curiam) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like PrimeCare Medical, Inc. liable for a constitutional violation under § 1983, Morales must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

3

Here, Morales has not identified any policy or custom of PrimeCare that caused him to be deprived of proper care. His allegations that he advised personnel of his lost tooth, x-rays were taken, and he was denied further treatment, do not plausibly establish the existence of a policy or custom adopted by PrimeCare that would give rise to a claim against the entity. Accordingly, Morales has not stated a claim against PrimeCare and the claims against it must be dismissed. However, because the Court cannot say at this time that Morales could never state a plausible claim based on a policy or custom, the claims will be dismissed without prejudice, and Morales will be granted leave to file an amended complaint to attempt to cure the defects discussed above.

### B. Official Capacity Claims

Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Accordingly, the official capacity claims against "Dr. John and Jane Doe" must be treated as claims against PrimeCare and the official capacity claims against Correctional Officers Sloblojian and Klim are essentially claims against Berks County.

As previously stated, PrimeCare cannot be liable under a theory of respondeat superior or vicarious liability. *Sims*, 635 F. App'x at 20. As the Complaint does not contain any allegations suggesting that any of the events giving rise to Morales's claims against "Dr. John and Jane Doe" stemmed from a policy or custom of PrimeCare, the Court will dismiss Morales's claims against them in their official capacities. *Natale*, 318 F.3d at 583-84.

Moreover, a municipality or local government entity is not liable under § 1983 based solely on an allegation that an employee of that entity committed a constitutional violation. *See Monell*, 436 U.S. at 691. Rather, a municipality or a local government entity is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *Id.* at 694. Again, because nothing in the Complaint suggests that the claimed constitutional violations stemmed from a municipal policy or custom, the Court will also dismiss Morales's claims against Officers Sloblojian and Klim in their official capacities.

### C. Claims Against Dr. John and Jane Doe in Their Individual Capacities

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[3] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

---

[3] The Complaint indicates that Morales is a pretrial detainee. (ECF No. 2 at 4.) To the extent that he was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Morales has not stated a plausible claim against either of the Doe defendants. Notably, Morales's allegations, although sparse, demonstrate that he did receive medical treatment for his lost tooth in that x-rays were taken. While Morales may have disagreed with the extent or amount of treatment received, he has not alleged enough facts from which one could plausibly infer that he had a serious medical need that was regarded with deliberate indifference. Notably, while he suffered a lost tooth, he does not allege he suffered an infection, excessive bleeding, or any other type of continuing medical issue. Accordingly, the Court will dismiss Morales's claims against "Dr. John and Jane Doe" without prejudice and with leave granted to Morales to file an amended complaint to cure the identified defect.

### D. Claims Against Correctional Officers Sloblojian and Klim in Their Individual Capacities

To state a claim under § 1983 against a prison official for failure to protect an inmate from violence by another inmate, a plaintiff must plead facts that show: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately

indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Farmer*, 511 U.S. at 834.

Morales has alleged facts suggesting that he was housed under conditions imposing a risk of serious harm, and that Officer Sloblojian was aware of the potential risk to Morales but did nothing about it. Specifically, with respect to facts demonstrating that he was housed under conditions posing a substantial risk of harm, Morales asserts that in the area of the prison in which he was housed, "you never leave your cell and most people including my cell are there for violence." (ECF No. 2 at 12.) Morales also makes a deliberate indifference allegation by averring that, because he feared a "possible physical confrontation" with his cellmate, Morales requested that Officer Sloblojian move his cell. (*Id.* at 12.) Officer Sloblojian allegedly refused, commenting that "he'd rather watch [them] fight than move [Morales]." (*Id.*) Once Officer Sloblojian walked away, Morales was punched in the mouth by his cellmate, causing him to lose a tooth and blackout. (*Id.*) Liberally construing the Complaint and taking all inferences as true as the Court is obligated to do at this early stage of the litigation, Morales has alleged sufficient facts to proceed on his failure to protect claim against Officer Sloblojian.

Although Morales also names Officer Klim as a Defendant, there are no factual allegations that Officer Klim was involved in any of the allegedly violative conduct. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that " [b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

7

violated the Constitution."). Because Morales does not allege how Officer Klim was involved in the alleged violation of his constitutional rights, the claims against him are not plausible and will be dismissed without prejudice.

IV. CONCLUSION

For the foregoing reasons, the Court will grant Morales leave to proceed *in forma pauperis*, dismiss without prejudice all claims against "PrimeCare Medicine," Dr. John and Jane Doe, and Officer Klim, and permit him to proceed on his § 1983 failure to protect claim against Officer Sloblojian in his individual capacity at this time. The Court will allow Morales to file an amended complaint in the event he can state a plausible claim against PrimeCare Medical, Inc., Dr. John and Jane Doe, or Officer Klim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). If Morales chooses not to file an amended complaint, the Court will direct service on Officer Sloblojian only. An appropriate Order follows.

BY THE COURT:

JOHN R. PADOVA, J.